UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOE GLEASON,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security**

        **Defendants.**

Case No.  3:13-cv-231

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

___

**ENTRY AND ORDER OVERRULING GLEASON'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT GLEASON WAS NOT DISABLED PRIOR TO OCTOBER 25, 2010 AND TERMINATING THIS CASE**

___

Joe Gleason ("Gleason") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he was not disabled prior to October 25, 2010, and, therefore, not entitled to Social Security disability benefits before then. On July 28, 2014, United States Magistrate Judge Michael J. Newman entered a Report and Recommendation (doc. #13) recommending that the Commissioner's decision that Gleason was not disabled prior to October 25, 2010, be affirmed. Gleason subsequently objected and the Commissioner has responded to Gleason's Objections. This matter is, therefore, ripe for decision.

Gleason sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on December 4, 2008. Gleason claimed that he had been disabled since July 1, 2008, later amended

to March 11, 2009, due to morbid obesity and resulting respiratory insufficiency, chronic obstructive pulmonary disease, meniscal tear of the left knee, mild osteoarthritis of both knees, sleep apnea, depressive disorder, adjustment disorder, obsessive compulsive disorder and panic disorder with agoraphobia.

The Commissioner denied Gleason's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia G. Lombardo ("Lombardo") held two (2) hearings following which she determined that Gleason was not disabled prior to October 25, 2010. The Appeals Council denied Gleason's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Gleason then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Gleason's Objections (doc. #14) and the Commissioner's Response to Gleason's Objections (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Gleason was not disabled prior to October 25, 2010 in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if

they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Gleason's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Magistrate Judge's Report and Recommendations is adopted in its entirety. The Commissioner's decision that Gleason was not disabled prior to October 25, 2010 is AFFIRMED.  Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Second Day of September, 2014.

                                        **s/Thomas M. Rose**
                                _____
                                        THOMAS M. ROSE
                           UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record